Dear Mayor Jackson:
Reference is made to your letter of March 5, 1981, in which you requested our opinion on whether a vacancy in the office of aldermen arises when a duly elected alderman sells his home within the territorial limits of the municipality and removes without those limits to reside. You indicated the alderman now resides approximately three miles outside the corporate limits.
The Town of Lake Providence is a Lawrason Act municipality. The qualifications of alderman are provided at R.S. 33:385, which states in pertinent part:
 The qualification of the aldermen shall be same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards . . .
The qualifications for mayor are stated at Section 384:
 The mayor shall be a qualified elector of the municipality, and he must have been a resident of the parish for two years.
In Attorney General Opinion No. 77-1113, which cited Williamson v. Village of Baskin, 339 So.2d 474 (LA. App.2d Cir., 1976), we opinion '. . . we are of the opinion that an alderman's position does not become vacant merely because the official moves outside the municipality. In such case, however, the town council may declare the position vacant.' In other words, the removal of the alderman outside the municipal limits is cause for declaring his position vacant; the vacancy, however, must be declared by the board of aldermen or a court. (Accord, Attorney General Opinion Nos. 78-1310 and 80-1171.) R.S. 18:602(A) provides, when a vacancy occurs (when the vacancy is declared) the governing authority of the municipality must appoint a person to fill the vacancy who meets the qualifications of office within ten days. The appointee then must be an elector of the municipality, a resident of the parish for two years, and a resident of the ward he is to represent at the time of his appointment.
Moreover, if the unexpired term of the alderman removed from office exceeds one year, the governing authority, within ten days of the vacancy, must issue a proclamation calling a special election. [R.S. 18:602(E)]. If a special election is required, it must be set in accordance with R.S.18:402.
Accordingly, it is our opinion when an alderman leaves the municipality, establishing a residence out of town, the local governing authority may declare a vacancy in the office. Within ten days after this declaration, the board of aldermen must appoint a person to fill the vacancy possessing the qualifications of office. Finally, if the unexpired portion of the term exceeds one year, the local governing authority must, within ten days of the declaration of the vacancy, issue a proclamation calling a special election.
Very truly yours,
 William J. Guste, Jr. Attorney General
 BY: Charles L. Patin, Jr. Assistant Attorney General